UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

TRUSTEES OF THE PLUMBERS AND )
PIPEFITTERS NATIONAL PENSION FUND )
103 Oronoco Street )
Alexandria, VA 22314 )
)
)
and )
)
TRUSTEES OF THE INTERNATIONAL )
TRAINING FUND )
103 Oronoco Street )
Alexandria, VA 22314 )
)
)
Plaintiffs, )
)
v. )   Civil Action No. __1:17cv133__ (LO/JFA)
)
MILLCREEK PLUMBING & HEATING )
COMPANY )
931 Old Furnace Road ) )
Youngstown, OH 44511-1335 )
)
Serve: )
 Registered Agent )
 Frances Clingerman )
 931 Old Furnace Road )
 Youngstown, OH 44511-1335 )
)
Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO ENJOIN VIOLATIONS OF THE TERMS OF
EMPLOYEE BENEFIT PLANS)

### PARTIES

1.      Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund

(hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit

plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by Collective Bargaining Agreement between the United Association Local Union No. 396 and the Defendant. The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

    2. Plaintiffs Trustees of the International Training Fund (hereinafter the "International Training Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The International Training Fund is established and maintained by a Restated Trust Agreement and by Collective Bargaining Agreement between the United Association Local Union No. 396 and the Defendant. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

    3. Defendant Millcreek Plumbing & Heating Company is a corporation existing under the laws of the State of Ohio with an office located in Youngstown, Ohio. Defendant transacts business in the State of Ohio as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

JURISDICTION

    4. This Court has jurisdiction of this action under Sections 396 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and labor

2

organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plans under the terms of the Collective Bargaining Agreement, and an action to enjoin the violation of the terms of employee benefit plans.

## COMMON FACTS

5.     Defendant is signatory to a member of the Mechanical Contractors Association of Mahoing Valley and thereby bound to the Collective Bargaining Agreement with the United Association Local Union No. 396 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

6.     Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

7.     Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the International Training Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

8.     Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

## COUNT I
## CONTRIBUTIONS TO THE NATIONAL PENSION FUND

9.     Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016 on behalf of members in Local 396's jurisdiction.

10.     Defendant has failed to make contributions to the National Pension Fund for the months of November 2015 and December 2015 in the amount of $978.00 pursuant to reports submitted by Defendant.

11.     Defendant has failed to submit reports to the National Pension Fund indicating the amount owed for the months of April 2016 through July 2016, November 2016 and December 2016.

12.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the National Pension Fund.

13.     Pursuant to Article VI, Section 6 of the Restated Agreement and Declaration of Trust establishing the Plumbers and Pipefitters National Pension Fund, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Fund is authorized to project the delinquent amount using the following formula:

> . . . The Trustees of may project as the amount of the delinquency (a) the average of the monthly payments actually made by the Employer for the last three (3) months for which the payments were made, or (b) the average of monthly payments made by the Employers for the last twelve (12) months for which payments were made, or (c) the average of the monthly payment documented by the remittance reports submitted by the Employer without payments for the last three (3) months, or (d) the average of the monthly payment documented by remittance reports submitted by the Employer without payments for the last twelve (12) months, or (e) the average monthly contributions determined by (i) certified payroll records required under any applicable federal, state or local law or (ii) an audit of the payroll and wage records of an Employer. . .

14.     Defendant is bound to the Restated Agreement and Declaration of Trust.

15.     Using report forms submitted for the last 3 months for which the Defendant actually submitted contributions to the Fund the projected delinquency for the months listed in paragraph number 11 is $2,480.00, calculated as follows:

4

**Local 396 – April 2016 through July 2016:**

```
01/16  -  $    408.00
02/16  -  $    396.00
03/16  -  $    384.00
          $  1,188.00 divided by 3 = $396.00 per month
```

[$396.00 x 4 months (04/16 through 07/16) = $1,584.00]

**Local 396 – November 2016 and December 2016:**

```
08/16  -  $    372.00
09/16  -  $    516.00
10/16  -  $    456.00
          $  1,344.00 divided by 3 = $448.00 per month
```

[$448.00 x 2 months (11/16 and 12/16) = $896.00]

16.     Pursuant to paragraphs 10 and 15 above, Defendant owes to the National Pension Fund contributions for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016 in the total amount of $3,458.00.

17.     Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be considered delinquent.   The Trustees may assess liquidated damaged against any delinquent employer in the amount of 10% of the amount due if payment is not received by the due date. . . .

18.     Pursuant to this provision, Defendant is obligated to the National Pension Fund in the amount of $345.80 in liquidated damages for late payments for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016.

WHEREFORE, in Count I Plaintiff Fund prays judgment as follows:

A.      In the total amount of $3,458.00 for contributions due for work performed for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016, plus interest assessed at a rate of 12% per annum pursuant to the Trust Agreement on the amount due from the date of delinquency until the date of payment, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B.      In the amount of $345.80 for liquidated damages assessed on late payments for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

C.      For contributions to the National Pension Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D.      For such further relief as the Court may deem appropriate.

COUNT II<br>CONTRIBUTIONS TO THE INTERNATIONAL TRAINING FUND

19.     Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 18.

20.     Defendant has failed to make contributions due to the International Training Fund for work performed at Defendant's request for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016 on behalf of members in Local 396's jurisdiction.

21.     Defendant has failed to make contributions to the International Training Fund for the month of November 2015 and December 2015 in the amount of $65.20 pursuant to reports submitted by Defendant.

22.     Defendant has failed to submit reports to the International Training Fund indicating the amounts owed for the months of April 2016 through July 2016, November 2016 and December 2016.

23.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the International Training Fund.

24.     Pursuant to Article VI, Section 7 of the Restated Trust Agreement establishing The International Fund, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the International Training Fund is authorized to project the delinquent amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted or (c) the average monthly contributions determined by an audit of the payroll and wages records. . . .

25.     Defendant is bound to the Restated Agreement and Declaration of Trust establishing the International Training Fund.

26.     Using report forms submitted for the last three months for which the Defendant which the Defendant actually submitted reports, the projected delinquency for the months listed in paragraph number 22 is $165.34, calculated as follows:

**Local 396 – April 2016 through July 2016:**

01/16 - $ 27.20
02/16 - $ 26.40
03/16 - $ 25.60
      $ 79.20 divided by 3 = $26.40 per month

[$26.40 x 4 months (04/16 through 07/16) = $105.60]

**Local 396 – November 2016 and December 2016:**

08/16 - $ 24.80
09/16 - $ 34.40
10/16 - $ 30.40
      $ 89.60 divided by 3 = $29.87 per month

[$29.87 x 2 months (11/16 and 12/16) = $59.74]

27.    Pursuant to paragraphs 21 and 26 above, Defendant owes to the International Training Fund contributions for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016 in the total amount of $230.54.

28.    Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer does not file a report or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer:  (1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due, plus interest from the date due to the date of payment at a rate of twelve percent (12%) per annum; . . .

29.    Pursuant to this provision, Defendant is obligated to the International Training Fund in the amount of $46.11 liquidated damages for late payments for the months of

November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016.

WHEREFORE, Plaintiff International Training Fund prays judgment as follows:

A.      In the total amount of $230.54 to the International Training Fund for contributions due for work performed from November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016, plus interest assessed at the rate of 12% per annum from the date of delinquency until the date of payment as set forth in the Trust Agreement, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B.      In the amount of $46.11 for liquidated damages assessed on late payments for the months of November 2015, December 2015, April 2016 through July 2016, November 2016 and December 2016 to the International Training Fund, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

C.      For contributions to the International Training Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D.      For such further relief as the Court may deem appropriate.

### COUNT III

30.      This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145.  This is an action to enjoin violations of the terms of employee benefit plans.

31.      Plaintiffs hereby adopt, incorporate and restate in Count III paragraphs 1 through 29.

32.     Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Trust Agreement establishing the International Training Fund, agreed to make timely contributions to the National Pension Fund and the International Training Fund in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 396 in order to maintain the plan of benefits provided through the National Pension Fund and the International Training Fund.

33.     Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund and the International Training Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund and the Restated Trust Agreement of the International Training Fund.

WHEREFORE, in Count III Plaintiff Funds pray judgment as follows:

A.     For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Funds.

B.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date:  2/1/2017

By: _____
John R. Harney, Bar No. 4152
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Ave., NW
Washington, DC 20016
Telephone No.:  (202)362-0041
Facsimile No.:  (202)362-2640
jharney@odonoghuelaw.com

By: _Rebecca Richardson_

Rebecca Richardson, Bar No. 80855
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Ave., NW
Washington, DC 20016
Telephone No.:(202)362-0041
Facsimile No.:(202)362-2640
rrichardson@odonoghuelaw.com

283197_1

11

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this _1st_ day of _February_____, 2017 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224

Attention: Employee Plans

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC 20210

Attention: Assistant Solicitor for
            Plan Benefits Security

John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Ave., NW
Washington, DC 20016
Telephone No.: (202)362-0041
Facsimile No.: (202)362-2640
jharney@odonoghuelaw.com

283197_1